DEER ISLAND LUMBER CO. et al. v. SAVANNAH TIMBER CO.

(Circuit Court of Appeals, Fourth Circuit. April 17, 1919.)

No. 1665.

MORTGAGES ⚖=497(2)—FORECLOSURE—RIGHTS OF MORTGAGOR'S GRANTEE.

Where the grantee of mortgaged timber rights participated with the mortgagor in the foreclosure proceedings, and secured a postponement of the sale, it cannot avoid the binding effect of the foreclousre upon the ground that it was not made a party defendant.

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Bill by the Savannah Timber Company against the Deer Island Lumber Company and another. Decree for complainant, and defendants appeal. Affirmed.

A. C. De Pass and William N. Graydon, both of Columbia, S. C. (De Pass & De Pass, of Columbia, S. C., on the brief), for appellants.

B. A. Hagood, of Charleston, S. C., J. G. Padgett, of Walterboro, S. C., and Arthur R. Young, of Charleston, S. C. (Hagood, Rivers & Young, of Charleston, S. C., on the brief), for appellee.

Before PRITCHARD and KNAPP, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. The learned judge below so fully covered the facts that a further statement of them would be superfluous. It is unnecessary to follow the zealous counsel for the appellants in the discussion of numerous questions of law. It is sufficient to point out that the decree below is right beyond dispute, if the corporate appellant was a party to the foreclosure proceedings. The experienced trial judge, who saw and heard the witnesses, finds that such appellant, with full knowledge and for its benefit, assisted at the making of an agreement by which the foreclosure sale was postponed. The record fully sustains this conclusion.

Affirmed.